UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VITALIA LOUISE CHRISTOPHER-BOYNES,

    Plaintiff,

v.                                                   Case No:   6:19-cv-720-Orl-37TBS

VIRGIN ISLAND GOVERNMENT
EMPLOYEES RETIREMENT SYSTEM,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 2). Upon due consideration, I **respectfully recommend** that the district judge **deny** the motion and dismiss Plaintiff's complaint without leave to amend.

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that the district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff alleges that she is the administrator of her deceased father, William Christopher's estate, and that Defendant, the Employees' Retirement System of the Government of the Virgin Islands, is illegally refusing to pay her father's retirement annuity (Doc. 1). Defendant was created as "a retirement and benefit system for officials

and employees of the Government of the United States Virgin Islands and for their dependents and beneficiaries …." VI ST T. 3 § 701. By statute:

> Death after retirement
>
> (c) Upon death of a retired member, unless an optional benefit has been elected as provided in section 707 of this title, a lump-sum payment equal to the excess of the annual salary of the member at the date of retirement as defined in section 702(a) of this title, plus the member's total contributions, over the amounts received by the member in annuity payments up to the time of his death, and if the member is enrolled in the Government's Health Insurance Program the Life Insurance Benefits of $5,000, shall be paid to the designated beneficiary of the member.

VI ST T. 3 § 712(c). Plaintiff claims that she is entitled "to receive my father's retirement annuity in a Lump-Sum for his 35(+) years of contributed service contributions to GERS." (Doc. 1, § III. C.). But Plaintiff has failed to state a cause of action because she has failed to allege any facts to show why there is any money due following her father's death. To the contrary, Plaintiff's complaint includes a letter from Defendant explaining that her father retired in 1995 and that his retirement annuity checks ceased when he died in 2007 (Doc. 1-2 at 12). The letter also informed Plaintiff that her father's retirement account is closed and there are no assets/accounts due to the Estate (Id.). After reading Plaintiff's complaint, I entered an Order giving her 21 days within to amend but she has chosen not to amend her pleading (Doc. 3).

Venue is ordinarily proper "in any district where the defendant resides or where a substantial part of the actions or omissions that form the basis of the action occurred." Wildstein v. Cheyenne Holdings, Inc., Case No. 6:16-cv-336-Orl-41TBS, 2016 WL 7366892, at *3 (M.D. Fla. Aug. 9, 2016). The district court has a responsibility, whether on the parties' motion or on its own motion, to "dismiss an action or transfer it to 'any district

or division in which it could have been brought.'" Id. (quoting Chapin Revenue Cycle Mgmt., LLC v. JDA eHealth Sys., Inc., No. 8:11-cv-858-T-33AEP, 2012 WL 469824, at *2 (M.D. Fla. Feb. 13, 2012)); F.T.C. v. Direct Benefits Grp., LLC, No. 6:11-cv-11-86-Orl-28TBS, 2012 WL 3715191, at *4 (M.D. Fla. Aug. 7, 2012). Plaintiff has not alleged that Defendant has any presence in or contact with the Middle District of Florida. The only discernible nexus between Plaintiff's claim and this Court is that Plaintiff lives in Orlando, Florida (Doc. 1, at 6). This is insufficient to establish proper venue. I find no basis to hale a Virgin Islands government entity, in a dispute over benefits provided by the government of the Virgin Islands, into the courts of the Middle District of Florida. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff has not stated a cause of action, she has not paid the filing fee, and when given an opportunity, chose not to amend her complaint. Now, I recommend this case be dismissed.

Upon due consideration, I **RESPECTFULLY RECOMMEND** that the Court

(1) **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2);

(2) **DISMISS** this case without prejudice; and

(3) **DIRECT** the Clerk of Court to **TERMINATE** any pending motions and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on May 16, 2019.

                                                THOMAS B. SMITH
                                                United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    *Pro se* Plaintiff