UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VITALIA LOUISE CHRISTOPHER-
BOYNES,

      Plaintiff,

v.                                                                    Case No. 6:19-cv-720-Orl-37EJK

VIRGIN ISLAND GOVERNMENT
EMPLOYEES RETIREMENT SYSTEM,

      Defendant.
_____

## <u>ORDER</u>

Before the Court is: (1) U.S. Magistrate Judge Thomas B. Smith's Report and
Recommendation (Doc. 7 ("**R&R**")); and (2) *pro se* Plaintiff's Clarification on Order and
Motions, which the Court construes as a Rule 72(a) objection (Doc. 14 ("**Objection**")). On
review, the Court adopts the R&R and overrules the Objection.

## I.    BACKGROUND

On April 16, 2019, Plaintiff, proceeding *pro se*, brought this action against
Defendant Virgin Island Government Employees Retirement System ("**GERS**") for
failing to distribute certain assets and benefits owed to her as the administratrix of her
father's estate. (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2
("**IFP Motion**").) On referral, U.S. Magistrate Judge Thomas B. Smith carried the IFP
Motion, permitting Plaintiff to file an amended complaint that establishes subject matter
jurisdiction and explains why venue is proper in the U.S. District Court for the Middle

District of Florida. (Doc. 3, pp. 2–4.) The deadline passed, and Plaintiff did not file an amended complaint. So Magistrate Judge Smith now recommends denying the IFP motion, dismissing the case without prejudice, and closing the file. (Doc. 7 ("**R&R**").) Specifically, Magistrate Judge Smith finds Plaintiff failed to both state a cause of action and establish that the U.S. District Court for the Middle District of Florida is a proper venue for this action against GERS, a Virgin Islands government entity. (*Id.* at 3–4.)

Plaintiff subsequently filed an "Affidavit of Amended Complaint and Request for Injunction," which was filed on the docket twice—as both an amended complaint (Doc. 10) and a motion to appoint counsel (Doc. 11 ("**Motion**").) Plaintiff alleges, among other things, that she is unable to pay the filing fees, this Court has jurisdiction because her claim is based on the Employee Retirement Income Security Act, and she needs the assistance of counsel because of her vision impairment. (*Id.*) Magistrate Judge Smith denied the Motion, finding Plaintiff does not satisfy the "exceptional circumstances" necessary for the appointment of counsel in this matter. (Doc. 12, p. 2 ("**Order**").)

Now, Plaintiff filed her Objection to the Order and requests the Court appoint an attorney to represent her in this action. (Doc. 14 ("**Objection**").)

## I.  OBJECTION

First, the Court addresses Plaintiff's Objection. Plaintiff contends Magistrate Judge Smith did not did not properly consider her disability and vision problems and requests the Court appoint an attorney to represent her in this case. (Doc. 14.) On review, the Objection is overruled.

A party may seek review of a magistrate judge's ruling on a non-dispositive matter

by serving and filing objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(a). A non-dispositive matter is one that does not dispose of any party's claim or defense. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir.2007). If a proper objection is made, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011) (noting that under Rule 72(a), "in order to prevail, [the party who makes the objection] must establish that the order is clearly erroneous or contrary to law."); *Ray v. Cutter Labs., Div. of Miles, Inc.*, 746 F. Supp. 86, 87 (M.D. Fla. 1990) ("[I]t is proper to apply the clearly erroneous standard when reviewing a magistrate's order."). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

Here, Plaintiff argues Magistrate Judge Smith improperly denied her motion for appointment of counsel. (Doc. 14; *see also* Docs. 11, 13.) But there is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.

1987). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

The Court finds the Order was not clearly erroneous. Nothing about the facts or issues in Plaintiff's complaint are so complex that the assistance of counsel is required. (*See* Doc. 1.) Further, Magistrate Judge Smith specifically noted that Plaintiff "suffers from an unspecified disability and vision problem." (Doc. 13, p. 1.) But, despite her disability, Plaintiff's Motion and Objection reveal that she can locate and cite legal authority, such that it is clear that she does not need assistance in presenting her arguments. (*See* Docs. 11, 14.) Thus, Plaintiff's Objection is overruled.[1]

## II.    R&R

Next, the Court turns to Magistrate Judge Smith's R&R, which recommends denying the IFP motion, dismissing the case without prejudice, and closing the file. (Doc. 7, p. 4.) Specifically, Judge Smith finds Plaintiff failed to establish that this Court is the proper venue for the action and failed to state a cause of action. (*Id.* at 3–4.)

The parties did not object to the R&R, and the time for doing so has now passed. To the extent Plaintiff intended the "Affidavit of Amended Complaint and Request for Injunction" to serve as an amended complaint (Doc. 10), the Court finds the purported

---

[1] To the extent Plaintiff argued that Magistrate Judge Smith should be recused from this action because Plaintiff has several family members with the last name Smith, that argument is moot because this case has been reassigned to U.S. Magistrate Judge Embry J. Kidd. (*See* Doc. 15.)

amended complaint was untimely filed (*see* Doc. 3, p. 3), and thus, due to be stricken.[2]

Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Clarification on Order and Motions (Doc. 14) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 7) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **DENIED**.

4. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile this action in a Court where jurisdiction and venue are proper.

5. The Clerk is **DIRECTED** to **STIKE** Plaintiff's Affidavit of Amended Complaint and Request for Injunction (Doc. 10).

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 26, 2019.

---

[2] Even if the purported amended complaint was timely filed, the Court finds it fails to correct some of the deficiencies Magistrate Judge Smith identified. (*See* Doc. 3.) Among other things, the amended complaint still fails to establish why venue is proper in the U.S. District Court for the Middle District of Florida—Defendant is a Virgin Islands government entity and it appears that all conduct giving rise to this action occurred in the Virgin Islands—and does not adequately state a cause of action. *See* 28 U.S.C. 1391(b).



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party